IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| ANNIE-DELESTER:SARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 624-041 |
| | ) | |
| STATESBORO POLICE DEPARTMENT; | ) | |
| BULLOCH COUNTY SHERIFF'S OFFICE; | ) | |
| and LAKEVIEW IN MARKET DISTRICT/ | ) | |
| THE GRAND, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. <u>Phillips v. Mashburn</u>, 746 F.2d 782, 785 (11th Cir. 1984).

## I.    Screening the Complaint

### A.    Background

In her complaint, Plaintiff names as Defendants (1) Statesboro Police Department; (2) Bulloch County Sheriff's Office; and (3) Lakeview in Market District/The Grand. (<u>See</u> doc. no. 1, pp. 1-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On November 14, 2023, Plaintiff was "was stopped by a debt collector who works for Statesboro Police." (<u>Id.</u> at 14.) As Plaintiff is not a United States citizen, she produced a

passport and international license to the police officer in support of her "right to travel," but the officer told her that if she did not exit the car, he would pull her out.  (Id.)  The officer then handcuffed Plaintiff, kidnapped her, and took her to the Bulloch County Jail.  (Id.)  Plaintiff was released the same day and then "recission the cit[a]tion on 11-15-2023 to return to sender as [her] rights."  (Id.)  At a court proceeding on January 17, 2024, the judge did not accept Plaintiff's "special appearance," refused to dismiss the citation, and issued a bench warrant for Plaintiff's arrest.  (Id. at 14-15.)

On June 21, 2024, the Statesboro Police were banging on her door, and the maintenance man allowed officers to "enter [her] private space without [her] consent," resulting in her arrest on a failure to appear warrant.  (Id. at 15.)  Plaintiff later discovered a "1013 law" related to her "mental awareness" was done without her permission or that of her family.[1]  (Id.)  Plaintiff entered a not guilty plea at Bulloch County Jail Court but was detained for twenty-eight days. (Id.)  According to publicly available records, Plaintiff was found guilty of the traffic violations of (1) speeding and (2) driving without a valid license and sentenced to twenty-eight days of confinement.  See State v. Sartin, STCR2023002148 (Bulloch Cnty. State Ct. Dec. 8, 2023), available at https://peachcourt.com/ (use "Case Search" by "Party Name" in Bulloch Cnty.

---

[1]According to Peachtree Wellness Solutions:

A 1013 mental health is an involuntary commitment form used in the state of Georgia as a legal procedure that allows the temporary detainment [of] individuals in a mental health crisis who pose a danger to themselves.  A 1013 is usually initiated when someone presents an immediate risk from severe mental health disorder symptoms or suicidal ideation.

Available at https://peachtreewellnessmh.com/1013-mental-health/ (last visited Aug. 28, 2024).

State Ct.; then search for "Sartin, Annie"; last visited Aug. 29, 2024).[2]  While detained in Bulloch County Jail, Plaintiff encountered mold, unclean vents and mats, rude staff, and unsatisfactory food that did not include any fruit.  (Doc. no. 1, p. 15.)  Plaintiff seeks over four million dollars in damages.  (Id. at 6.)

It is not entirely clear whether Plaintiff was detained when she commenced this case. The disposition date of the traffic citations is listed in court records as July 18, 2024, (State v. Sartin, STCR2023002148, doc. no. 22), and she signed her Prisoner Complaint form on July 19, 2024, (doc. no. 1, p. 13).  Plaintiff did not comply with the Court's order directing her to clarify her status as an incarcerated or nonincarcerated litigant.  (See doc. nos. 5, 6.)

**B.      Discussion**

**1.      Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

---

[2]The Court may take judicial notice of state court dockets available online.  See Paez v. Sec'y, Fla. Dep't of Corrs., 947 F.3d 649, 651 (11th Cir. 2020) (per curiam); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish the existence of ongoing litigation and related filings).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Complaint Should Be Dismissed for Failing to Follow a Court Order

Because Plaintiff submitted her complaint on a form entitled "Complaint for Violation of Civil Rights (Prisoner Complaint)," detailed her dissatisfaction with her treatment in the Bulloch County Jail, and provided a prisoner ID number, (see doc. no. 1), it appeared to the

Court Plaintiff was incarcerated.  However, Plaintiff's first IFP motion only provided answers to the questions on page one of the two-page IFP motion, and the limited information was provided under the heading for non-incarcerated litigants.  (See doc. no. 2.)  As Plaintiff had not completed the entire IFP form, the Court did not have sufficient information to determine whether she should be allowed to proceed IFP and directed her to submit a new, fully completed motion to proceed IFP.  (Doc. no. 3.)  At the Court's direction, the Clerk of Court provided Plaintiff with Form AO 240, Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form).  (Doc. no. 3-1.)  In the order directing Plaintiff to file a completed IFP motion, the Court cautioned "Plaintiff that any attempt to utilize frivolous sovereign citizen litigation tactics will be flatly rejected." (Doc. no. 3, pp. 2-3 (collecting cases rejecting frivolous sovereign citizen legal theories).)

The Form AO 240 IFP motion Plaintiff returned was again filled out under the section for non-incarcerated litigants and suggested she had no income from any source, no assets, no money in a savings or checking account, and no monthly obligations or other debts.  (Doc. no. 4, pp. 1-2.)  Yet Plaintiff also listed a Post Office Box for an address, two telephone numbers, and an email address on her pleadings.  (Doc. no. 1, p. 12.)  The numbers did not add up, as there is no explanation how Plaintiff pays for living expenses such as housing or food, let alone a telephone(s), if she is not incarcerated.

Thus, the Court afforded Plaintiff a second opportunity to submit a proper IFP motion and specifically instructed Plaintiff that she "must clarify her status as an incarcerated on non-incarcerated litigant, and she must provide the IFP information that matches her current litigant status." (Doc. no. 5, p. 2.)  Despite receiving detailed instructions concerning the financial

information that must be disclosed, (<u>id.</u> at 3), Plaintiff again submitted an IFP motion – under penalty of perjury – suggesting she has no income from any source, no assets, no money in a savings or checking account, and no monthly obligations or other debts.  (<u>See</u> doc. no. 6.) Moreover, in contravention of the Court's prior warning about frivolous sovereign citizen jargon, Plaintiff again signed her name with a colon, declared she was a "[l]iving woman of god who has dominion on this land," and challenged the Court to "prove to [her] there is lawful money." (<u>Id.</u> at 5.)  She concluded with the declaration, "This application is an extension of credit and a promissory note for exchange of tender of payment, bill of exchange as security." (<u>Id.</u>)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  <u>Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); <u>see also</u> <u>Eades v. Ala. Dep't of Human Res.</u>, 298 F. App'x 862, 863 (11th Cir. 2008) (<i>per curiam</i>) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, <i>sua sponte</i> . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." <u>Owens v. Pinellas Cnty. Sheriff's Dep't</u>, 331 F. App'x 654,

655 (11th Cir. 2009) (*per curiam*) (citing <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to clarify her status as an incarcerated or non-incarcerated litigant, along with her failure to submit an IFP motion with current, accurate, and complete financial information and her reliance on nonsensical sovereign citizen jargon,[3] evidences her willful disobedience of the Court's prior orders. The Court cautioned Plaintiff that failing to comply with the terms of the Court's orders would result in a recommendation for dismissal. (Doc. no. 3, p. 2; doc. no. 5, p. 3.) Thus, dismissal of this case without prejudice is appropriate.

### 3. Plaintiff Fails to State a Claim upon Which Relief Can Be Granted

Even if the case were not due to be dismissed for failure to comply with prior court orders, Plaintiff fails to state a claim upon which relief can be granted.

### a. Plaintiff Does Not Connect Lakeview in Market District/The Grand to Any Alleged Wrongful Conduct

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how

---

[3]As has previously been explained to Plaintiff, (doc. no. 3, pp. 2-3), courts routinely reject such patently frivolous attempts to avoid the statutes, rules, and regulations applicable to all federal litigants. <u>See, e.g.</u>, <u>Jackson v. Inch</u>, 816 F. App'x 309, 311 (11th Cir. 2020) (*per curiam*) (citing <u>United States v. Sterling</u>, 738 F.3d 228, 223 n.1 (11th Cir. 2013) for proposition that "courts have repeatedly and 'summarily rejected [sovereign-citizen legal theories] as frivolous'"); <u>see also</u> <u>Roach v. Arrisi</u>, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) (recognizing "sovereign citizen theories have been found to be 'utterly frivolous' and patently ludicrous,' using 'tactics' that are a waste of their time as well as the court's time, which is being paid for by hard-earned tax dollars").

overt acts of the defendant caused a legal wrong."). Thus, Plaintiff must describe how each individual participated in any alleged constitutional violation or other acts and omissions she claims to have caused her injury. Here, Plaintiff lists Lakeview in Market District/The Grand as a Defendant in the caption of the complaint and the portion of the form reserved for identifying Defendants, (doc. no. 1, pp. 1-3), but she does not mention this entity anywhere in her statement of claim, or even explain what it is. As Plaintiff does not substantively mention this Defendant and does not make any allegations associating it with a purported constitutional violation, let alone explain how it qualifies as a person acting under color of state law, dismissal is appropriate. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law).

### b.    Sheriff and Police Departments Are Not Subject to Suit

The Bulloch County Sheriff's Office is not a proper party because sheriff's departments are not legal entities capable of being sued. See Wilkerson v. Brown, CV 616-066, 2016 WL 4472972, at *2 (S.D. Ga. Aug. 23, 2016) ("[T]he Bulloch County Sheriff's Department is not an entity subject to suit under Section 1983."), adopted by 2016 WL 6272395 (S.D. Ga. Oct. 25, 2016); Herrington v. Effingham Cnty. Sheriff's Office, CV 411-099, 2011 WL 2550464, at *1 (S.D. Ga. Apr, 21, 2011) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued." (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) and collected cases)), adopted by 2011 WL 2550459 (S.D. Ga. June 27, 2011); Smith v. Dekalb Cnty. Sheriff's Office, Civil Action No. 1:09-CV-2820-TWT, 2010 WL 308984, at *2 (N.D. Ga. Jan. 22, 2010) (same). Likewise, the Statesboro Police Department is not a viable

Defendant.  Lovelace v. DeKalb Cent. Probation, 144 F. App'x 793, 795 (11th Cir. 2005) (*per curiam*) (affirming dismissal of county police department because it is not legal entity subject to suit); Green v. Cunningham, CV 418-210, 2018 WL 6310269, at *3 (S.D. Ga. Dec. 3, 2018) (explaining "the police department is not an entity subject to suit under § 1983"), *adopted by* 2019 WL 136991 (S.D. Ga. Jan. 7, 2019).  Further, appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation.  See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).  Thus, neither Defendant Bulloch County Sheriff's Office nor Statesboro Police Department are not capable of being sued and are subject to dismissal.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** and **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of August, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA